NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE IBSEN ROGGE, <br><br>         Petitioner-Appellant, <br><br>   v. <br><br> MARION FEATHER, <br><br>         Respondent-Appellee. | No.   16-35522 <br><br> D.C. No. 3:15-cv-01732-HZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 14, 2017**
Portland, Oregon

Before: WATFORD and OWENS, Circuit Judges, and NAVARRO,*** Chief
District Judge.

Leslie Rogge appeals from the district court's dismissal of his 28 U.S.C.

§ 2241 habeas corpus petition challenging the Bureau of Prison's ("BOP")

---

    \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable Gloria M. Navarro, Chief United States District Judge
for the District of Nevada, sitting by designation.

calculation of five separate prison sentences.  We affirm.

The case involves the following five sentences:

| Conviction | Case Number | Sentence |
|---|---|---|
| S.D. Florida (1984) | 84-524-CR-KEHOE | 25 years |
| D. Idaho (1985) | CR-82-3006 | Two 20-year terms |
| W.D. Arkansas (1986) | 86-cr-10004 | 15 years |
| M.D. North Carolina (1986) | 97-cr-10006 | 20 years |
| W.D. Missouri (1991) | 97-cr-10005 | 15 years |

Rogge challenges the BOP's determination that his 15-year sentence from his

Missouri conviction will run consecutively to his four other sentences because that

crime was committed after the effective date of the Sentencing Reform Act

("SRA") on November 1, 1987.

The BOP is required by statute to aggregate multiple sentences into a single

sentence for computation purposes.  18 U.S.C. § 3584(c) (stating that "[m]ultiple

terms of imprisonment ordered to run consecutively or concurrently shall be

treated for administrative purposes as a single, aggregate term of imprisonment").

However, the BOP Program Statement 5880.28 states "[i]f a multi-count

indictment in a single judgment and commitment contains an offense(s) that was

completed before November 1, 1987, and an offense(s) that was completed on or

after November 1, 1987, then those pre and post SRA counts shall be treated separately (not aggregated) and the sentences shall be computed in accordance with the sentencing laws in effect at the time of the completion of those offenses." *Sentence Computation Manual (CCCA of 1984)*, Page 1-34 (1997). Thus, the BOP formulated two aggregate sentences, one for Rogge's pre-SRA crimes and one for his post-SRA crimes.

Rogge argues that this calculation was not honoring the sentencing court's determination of a concurrent sentence for the Arkansas, North Carolina, and Missouri crimes. However, the sentencing court's 1997 order did not take into account the difficulty of calculating these sentences together when only one of them was post-SRA. The court stated: "Case Nos. 1:86CR10004-001 and 1:97CR10005 shall run concurrent to 1:97CR10006-001. The combined terms of imprisonment shall run consecutively with the undischarged terms of imprisonment entered in the judgments from the Southern District of Florida, Docket No. 84-524-CR-KEHOE, and from the District of Idaho, Docket No. CR-82-30006." The sentencing court went on to clarify in its 2003 order that: "the 180 month sentence in case number 97-10005 is not to run consecutively to the sentences in cases 86-10004 and 97-10005, but is to run concurrently with those sentences. It is further clarified that the sentences imposed by this court are to run consecutively with the undischarged terms of imprisonment entered from the

Southern District of Florida, Docket No. 84-524-CR-KEHOE, and from the District of Idaho, Docket No. CR-82-30006." Thus, the sentencing court intended that the Arkansas, North Carolina, and Missouri terms should run concurrently to each other and that those terms should run consecutively to the Florida and Idaho terms.

However, the Missouri sentence may not be aggregated with the Florida and Idaho sentences because it is post-SRA. By aggregating the Arkansas and North Carolina terms with the Florida and Idaho terms, as the BOP regulations require, and then running the Missouri sentence consecutive to the Florida and Idaho terms, the BOP carried out the intent of the sentencing court. *See Barber v. Thomas*, 560 U.S. 474, 488 (2010) (affirming the BOP's calculation of good time credit because "the BOP's calculation system applies th[e] statute as its language is most naturally read"). Accordingly, the district court properly upheld the BOP's calculation as "reasonably address[ing] legislatively-driven inconsistency in the administration of federal criminal sentences."

**AFFIRMED**.